```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/1/2019____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEELAM UPPAL,

            Plaintiff,

-against-

WESTERN EXPRESS, INC. and LAVAR PERRY COREY,

            Defendants.

15 Civ. 9976 (AT) (RWL)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Neelam Uppal, brings this negligence action against Defendants, Western Express, Inc. and Lavar Perry Corey, for alleged personal injuries arising out of a motor vehicle accident on April 3, 2015. ECF No. 1. On September 16, 2016, the Court referred this case to the Honorable James C. Francis for general pretrial matters, ECF No. 25, and on November 2, 2017, it was reassigned to the Honorable Robert W. Lehrburger, *see* 11/2/2017 ECF Entries. On November 26, 2018, Defendants moved for sanctions, including monetary sanctions and ultimately dismissal of the case. ECF No. 97. On December 27, 2018, Plaintiff cross-moved for sanctions against Defendants. ECF No. 103.

    Before the Court is the Report and Recommendation (the "R&R") of Judge Lehrburger, which recommends that Defendants' motion for sanctions be granted, Plaintiff's cross-motion for sanctions be denied, and the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's "failure to prosecute and abuse of the litigation process." R&R at 2, ECF No. 116. Plaintiff filed timely objections to the R&R. *See* Pl. Objs., ECF No. 118. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

Plaintiff is a serial *pro se* filer of frivolous and vexatious litigation who has been sanctioned numerous times by various courts. *See, e.g.*, *In re Uppal*, No. 17 Civ. 8510, 2018 WL 4521215, at *5 (S.D.N.Y. Sept. 20, 2018) (noting that Plaintiff has filed "at least twenty-five federal proceedings" and that she has been "repeatedly warned about making conclusory and unsupported allegations in court filings" and "has been explicitly cautioned that continuing to raise frivolous issues will result in sanctions"), *appeal filed*, No. 18-2922 (2d Cir. Oct. 3, 2018); *Uppal v. Indest*, No. 17 Civ. 7072, 2017 WL 6405660, at *4 (S.D.N.Y. Oct. 12, 2017) ("Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court."). As noted by Judge Lehrburger, Plaintiff "has replicated much of that same misconduct here: filing frivolous applications, making baseless allegations, and violating court orders." R&R at 2.

Plaintiff originally filed this action, by counsel, in Supreme Court, New York County, on November 16, 2015. *See* ECF No. 1. On December 22, 2015, Defendants removed the case to this court. *Id.* The initial discovery schedule set August 1, 2016 as the deadline to complete fact discovery. ECF No. 15 ¶ 5. Plaintiff then requested a series of deadline extensions and stays, and eventually her counsel filed a motion to withdraw, which the Court granted. *See, e.g.*, ECF Nos. 20–24, 28, 30, 32–34, 44. Since then, Plaintiff has further delayed and impeded the progress of this case and repeatedly violated court orders. *See, e.g.*, ECF Nos. 65–66, 72–74. Among other things, she has refused to appear for her deposition, appeared for her deposition but refused to answer questions about her credibility and then left before her deposition was complete, and makes repeated, frivolous filings accusing defense counsel and Judge Lehrburger

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 1–13.

of engaging in conspiracy and harassment. *See, e.g.*, ECF Nos. 72, 77, 78–79, 85. She has made numerous vexatious filings, in efforts to derail the litigation, including a motion for an emergency stay, objections to discovery orders, a motion for recusal of Judge Lehrburger or to transfer the case to another district, and an improper summary judgment motion. ECF Nos. 88, 87, 92, 105. On each occasion, the Court has warned Plaintiff that further frivolous litigation and failure to comply with court orders would result in sanctions, including dismissal of the case. *See, e.g.*, ECF Nos. 81, 98, 101–02, 108.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no

objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.     Plaintiff's Objections

Plaintiff objects to the R&R on the grounds that Judge Lehrburger "has been prejudiced and biased against the plaintiff and should have recused himself based on his alliance with the defendant." Pl. Objs. at 1. Plaintiff also argues that defense counsel "is continuing to fabricate [] false issues" and "has conspired . . . to abuse [the] court as [a] vehicle to harass her." *Id.* Although Plaintiff has filed objections to the R&R, the objections are conclusory and "simply reiterate[] [her] original arguments" presented to Judge Lehrburger. *See Wallace*, 2014 WL 2854631, at *1. Nevertheless, in light of Plaintiff's *pro se* status, the Court has reviewed the R&R *de novo* and finds that Judge Lehrburger correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (noting that failure to prosecute "can evidence itself . . . in a pattern of dilatory tactics [which] may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers").

4

Upon *de novo* review, the Court adopts Judge Lehrburger's R&R without qualification. *See* 28 U.S.C. § 636(b)(1). Plaintiff's objections do not address her failure to participate in the discovery process or abide by the orders that have been issued by the Court. Rather, her objections, although difficult to decipher, appear to reiterate her baseless claims that defense counsel has somehow acted unethically and misled the Court and that Judge Lehrburger is biased against her. Having conducted a *de novo* review of the full factual record in this litigation, including the pleadings, prior proceedings, and the parties' respective papers submitted in connection with the underlying motions and in this action, as well as the R&R and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for Judge Lehrburger's recommendations are warranted. The Court has examined all of Plaintiff's objections in the light of the record and finds them without merit. The issues Plaintiff raises are thoroughly addressed in the R&R in terms consistent with the Court's own *de novo* review of the facts and the applicable law. Accordingly, Plaintiff's objections are OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* the R&R. For substantially the reasons set forth in the R&R, the Court ADOPTS the R&R in its entirety. Defendants' motion for sanctions is GRANTED on the merits to the extent that the case is DISMISSED with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff's cross-motion for sanctions is DENIED. The Clerk of Court is directed to (1) terminate the motions at ECF Nos. 71 and 97, (2) mail a copy of this order to Plaintiff *pro se*, and (3) close the case.

SO ORDERED.

Dated: April 1, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge